IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUAN PABLO CHAVEZ,

           Plaintiff,

   v.

ASKUSDA@USDA.GOV,
    *et al.*,

           Defendants.

Civil Action No. 2:25-cv-288
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and

expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Plaintiff's application as filed did not provide sufficient information to demonstrate whether he qualifies to proceed *in forma pauperis* or must be required to pay the $405.00 filing fee. Indeed, as the Court previously explained:

> In his application, which borders on illegible, Mr. Chavez reports that he has been disabled since he was 28 and that in the last twelve months he has received "gratuities, your Honor, gratuities!!" Further, by way of cash on hand, he states that he has $4.00 in the form of "2 x $2 bills." His response regarding his ownership of any real estate, stocks, bonds, notes, automobiles or other valuable property is indecipherable. As for expenses, he indicates that he owes $50,000.00 to the United States Department of Education and what appears to be $20,000.00 in aggregate for unidentified, miscellaneous debts. He provides no explanation as to how he is able to live with no assets or income.

(ECF No. 2.) Accordingly, by Deficiency Order dated March 24, 2025, the Court directed Plaintiff to file another application to proceed *in forma pauperis*, providing both the required information and an explanation as to how he is able to live with no income. (*Id*.)

To date, Plaintiff has not cured the deficiencies presented by his original application. Although he requested, and was granted, an extension of time until June, 27, 2025, to do so, that remains the case. (ECF Nos. 6, 8.) That is, Plaintiff has not provided information sufficient to allow the Court to conduct a satisfactory inquiry into his ability to pay the filing fee and prosecute this lawsuit. Accordingly, it is **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 1, be **DENIED**

In sum, Plaintiff has not provided information sufficient to allow the Court to conduct a satisfactory inquiry into his ability to pay the filing fee and prosecute this lawsuit. It is, therefore, **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF

No. 1, be **DENIED** and that he be ordered to pay the required $405 filing fee within **FOURTEEN DAYS OF THE DATE OF THIS ORDER** if he intends to proceed with this lawsuit.  It is **FURTHER RECOMMENDED** that, if Plaintiff fails to pay the entire filing fee, the Court dismiss this action without prejudice and without further notice for failure to prosecute under Fed.R.Civ.P. 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: July 14, 2025                                               /s/ *Elizabeth A. Preston Deavers*
                                                                  ELIZABETH A. PRESTON DEAVERS
                                                                  UNITED STATES MAGISTRATE JUDGE